UNITED STATES v. McKENNA.

(District Court, W. D. New York. November 13, 1906.)

LOTTERIES—NATURE OF SCHEME—DISTRIBUTION OF TICKETS THROUGH INTERSTATE COMMERCE.

A scheme by which a prize is given to the person who obtains seven complete paper animals, the parts of one of which, to be put together, are contained in each package of a food product sold, but without anything on the outside of the package to indicate what animal is contained therein, has an element of chance in the purchase of the packages, and is a lottery scheme; and the conveying of a ticket or instrument purporting to represent a share or interest therein from one state into another constitutes a criminal offense, under Act March 2, 1895, c. 191, § 1, 28 Stat. 963 [U. S. Comp. St. 1901, p. 3178].

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Lotteries, §§ 21, 22.]

On Demurrer to Indictment.

Charles H. Brown, for the United States.

Rogers, Locke & Babcock, for defendant.

HAZEL, District Judge. The indictment in this case, to which a demurrer has been interposed, charges substantially that, to obtain the prize or premium offered by the H-O Company, there must be procured seven different so-called "Kinderbeasts," or kindergarten animals, one of which is contained in each package of the food product specified in the indictment, which may be purchased from the accused or dealers therein. The puzzle feature simply consists in cutting out and placing in proper juxtaposition the illustrated parts of the pictures or designs, after procuring them, to correctly form the kinderbeasts.

Defendant contends that the general plan of the device lacks the character of chance, and that the dominating or determining element in the enterprise is the skill required to fit the parts of the different animals together. This view, however, ignores the manner of procuring the several animals. It is self-evident, from a cursory examination of the printed circular, entitled "A Ten-Dollar Watch for Every

One Who Solves the H-O Company's 'Kinderbeast' Puzzles," that there is an element of chance in the enterprise, consisting in the purchase of packages which may or may not contain the animal necessary to complete the set. Various purchases may result in finding in the packages similar animals, while obviously the necessary seven, which must be had before a prize or premium is awarded, may be obtained only by the purchase of innumerable packages, or as a result of chance in the purchase of but seven packages. In other words, each purchase carries with it the possible chance or fortuitous occurrence of securing such animal as may be required to complete the set. The argument of counsel for defendant seems to be completely answered by the differentiation between a game of skill and a game of chance, as illustrated in People ex rel. Ellison v. Lavin, 179 N. Y. 170, 71 N. E. 755, 66 L. R. A. 601:

"Throwing dice is purely a game of chance, and chess is purely a game of skill. But games of cards do not cease to be games of chance because they call for the exercise of skill by the players, nor do games of billiards cease to be games of skill because at times, especially in the case of tyros, their result is determined by some unforeseen accident, usually called 'luck.' The test of the character of the game is, not whether it contains an element of chance or an element of skill, but which is the dominating element that determines the result of the game."

The dominating element in the case at bar beyond question is the chance which the purchaser gets of finding in his package a missing animal; the contingency depending upon the event of a lottery, as that term is defined in Horner v. United States, 147 U. S. 449, 13 Sup. Ct. 409, 37 L. Ed. 237. See, also, United States v. Jefferson (C. C.) 134 Fed. Rep. 299.

Assuming the facts stated in the indictment to be true, the defendant has violated section 3929 of the Revised Statutes (chapter 191, Act March 2, 1895, 28 Stat. 964 [U. S. Comp. St. 1901, p. 2688]), for causing to be conveyed from the Western district of New York to the state of Pennsylvania a paper certificate or instrument purporting to represent a ticket, chance, share, and interest in and dependent upon the event of a lottery or similar enterprise.

The demurrer is overruled.